### W. C. MUNN v. J. M. MARTIN.

#### (No. 2864.)

APPEAL from Colorado County. Opinion by WILLSON, J.

KENNON & MANSFIELD and W. S. DELANEY, counsel for appellant.

FORD, THOMPSON & TOWNSEND, counsel for appellee.

§ **60.** *Argument; opening and conclusion of; case stated.* Appellant sued appellee to recover an indebted-

ness amounting to $968.50, and sued out writs of attachment and sequestration, which were levied upon appellee's property. Appellee replevied a portion of said property, but a portion of it he did not replevy, and it remained in the hands of the officer, who seized it, and was never restored to appellee. Appellee pleaded in reconvention for actual damages in the sum of $828, and for exemplary damages in the sum of $170, alleging that said writs of attachment and sequestration were wrongfully and maliciously sued out, etc. A verdict was rendered as follows: "We, the jury, find the account of W. C. Munn to be correct, and allow him full amount of interest on note, $172.03, and also account acknowledged by defendant, amount being $968.50. We, the jury, further agree to allow J. M. Martin the amount sued for, $998, in offset of W. C. Munn's account, and give defendant judgment for the overplus, same being $29.50." Upon this verdict judgment was rendered in favor of appellee against appellant for the sum of $29.50 and costs. Appellant's first assignment of error is the ruling of the court giving appellee the opening and conclusion of the evidence and argument. The sureties on appellee's replevy bond did not join in said admission, nor was it, in our opinion, necessary that they should do so, for they were not defendants in the suit within the meaning of the rule.

§ **61.** *Verdict; certainty of.* Assignments of error sixth, seventh and tenth call in question the sufficiency of the verdict. It is claimed by appellant that the verdict is general, not responsive to the charge of the court, does not separate the actual from the exemplary damages awarded appellee, and does not specify whether exemplary damages were given for the malicious suing out of the attachment, or for the malicious suing out of the sequestration, etc. We are of the opinion that these assignments should not be sustained. It is sufficiently certain, looking to the pleadings of the case, the evi-

dence and the charges of the court, that the verdict awarded the appellee the damages as claimed in his plea of reconvention; that is, the actual damages therein alleged, and the exemplary damages therein claimed. "That is certain which may be rendered certain" is a maxim of the law which is applicable to the verdict in this case.

February 15, 1890.                    .    Affirmed.